1

2

3

4 # UNITED STATES DISTRICT COURT

5 ## EASTERN DISTRICT OF CALIFORNIA

6

7 LUIS CERVANTES,                                        CASE NO. 1:17-cv-01379-DAD-SKO  HC

8              Petitioner,

                                                        ORDER DENYING PETITIONER'S MOTION
9 v.                                                    FOR APPOINTMENT OF COUNSEL

10 ERIC ARNOLD, Warden,

11             Respondent.                              (Doc. 9)

12

13

14      Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C.

15 § 2254, moves for appointment of counsel.

16      In habeas proceedings, no absolute right to appointment of counsel currently exists.  *See, e.g.,*

17 *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.

18 1984).  Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so

19 require."  18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.  The decision to

20 appoint counsel is in the discretion of the district court.  *See Chaney v. Lewis*, 801 F.3d 1191, 1196 (9th

21 Cir. 1986, *cert. denied*, 481 U.S. 1023 (1987).  Appointment is mandatory only when the circumstances

22 of a case indicate that appointment of counsel is necessary to prevent a due process violation or when

23 an evidentiary hearing is required.  *Chaney*, 801 F.3d at 1196; Rule 8(c).

24      Here, Petitioner contends that the Court should appoint counsel because he needs assistance to

25 properly articulate his case.  Petitioner has competently submitted a petition and alleges no basis by

26 which the Court may appoint counsel on his behalf.

27      Petitioner's motion for appointment of counsel is hereby DENIED.

28

                                                    1

IT IS SO ORDERED.

Dated:    **December 11, 2017**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE