UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CERVANTES,<br><br>    Petitioner,<br><br>v.<br><br>ERIC ARNOLD, Warden,<br><br>    Respondent. | No. 1:17-cv-01379-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY**<br><br>**(Doc. 1)** |

Petitioner, Luis Cervantes, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Eric Arnold, Warden of the California State Prison − Solano, moves to dismiss the petition as untimely. The undersigned agrees that the petition is untimely and recommends that the Court dismiss it.

**I.**     **Procedural and Factual Background**

On April 4, 2013, Petitioner was convicted of three counts of second degree robbery, (Cal. Penal Code § 211), and the jury found true personal use of firearm enhancements, (Cal. Penal Code § 12022.53(b)), on each count. On August 2, 2013, Petitioner was sentenced to a determinate state prison term of sixteen years, four months.

1

On July 21, 2015, the California Court of Appeal ("Court of Appeal") affirmed the conviction.[1] On September 30, 2015, the California Supreme Court ("Supreme Court") denied review.

Thereafter, Petitioner filed several petitions for writs of habeas corpus with the state court. On April 26, 2016, Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court ("Superior Court"), which was denied on June 8, 2016.

On June 12, 2016, Petitioner filed a motion with the Superior Court, requesting modification of his sentence. On June 21, 2016, the Superior Court denied the motion stating that the "Court no longer has jurisdiction to consider [Petitioner's] ex-parte post judgment motion." (Lodged Doc. 8 at 2.)

On July 5, 2016, Petitioner filed a petition for writ of habeas corpus[2] with the Court of Appeal, which was summarily denied on August 25, 2016.

On August 28, 2016, Petitioner filed a petition for writ of habeas corpus with the Superior Court. The Court denied the petition on October 6, 2016, because Petitioner had previously filed a "petition for writ of habeas corpus with this Court in which he raised closely related claims." (Lodged Doc. 12 at 1) (internal citation omitted). On October 30, 2016, Petitioner filed "Objections" to the Superior Court's October 6, 2016 order. On December 7, 2016, the Superior Court denied the "Objections," stating the "Court no longer has jurisdiction to consider Petitioner's claims." (Lodged Doc. 14 at 1.)

On December 26, 2016, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal, which summarily denied the petition on March 3, 2017.

---

[1] The Court of Appeal also ordered the trial court to issue an amended abstract of judgment to correct several clerical errors that did not affect the judgment.
[2] Petitioner entitled his motion "Notice of Appeal Pursuant to [Pen. Code §§ 1259-1260]; Questions Reviewable Habeas Corpus U.S.C. § 3553(A) Petitioner Sentencing Modification In Re May (1976) 62 CA 3d 165," which the Court of Appeal deemed a petition for writ of habeas corpus.

On April 25, 2017, Petitioner filed a petition for writ of habeas corpus with the Supreme Court, which summarily denied the petition on June 28, 2017.

On September 25, 2017, Petitioner filed his petition before this Court. Respondent moved to dismiss the petition as untimely on February 7, 2018. Petitioner filed an opposition to the motion to dismiss on April 23, 2018 and Respondent filed a reply to the opposition on April 6, 2018.[3] Subsequently, Petitioner filed a "Motion in Response . . . . Reply" on April 16, 2018.

## II. Petitioner's Limitations Period

Respondent contends Petitioner's petition is untimely. Petitioner states the petition is timely and Respondent failed to address the merits of the petition, as instructed by the Court. The Court's Order directing Respondent to file a response to the petition states a "response can be made by filing one of the following . . . (b) A motion to dismiss the petition." (Doc. 6 at 2.) Rule 4 of the Rules Governing Section 2254 Cases provides that the "judge must order the respondent to file an answer, motion, or other response . . . ." Therefore, Respondent's motion to dismiss is a proper response to the petition and the Court will address Respondent's claim that the petition is untimely.

### A. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

---

[3] Petitioner filed the "Motion in Response . . . . Reply" in response to Respondent's reply to the opposition. The Court construes the Motion in Response as objections to Respondent's reply. Although the Federal Rules of Civil Procedure do not contemplate this type of objections, in an abundance of caution, the Court has reviewed them.

3

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

Here, direct review in the State of California ended September 30, 2015, when the Supreme Court denied review.[4] The federal statutory limitation period began on December 29, 2015, following the expiration of the 90-day period to file a petition for writ of certiorari in the United States Supreme Court. Accordingly, the one-year statutory limitation period expired on December 29, 2016. Petitioner filed his petition for writ of habeas corpus with this court on September 25, 2017; consequently unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

---

[4] The Court of Appeal's order for the Superior Court to amend the judgment did not affect the limitations period. *Brumfield v. Cate*, 2010 WL 2267504, *2 (N.D. Cal. June 4, 2010) ("The correction of this clerical error was not the result of any judicial evaluation or change in judgment, so it was not a new final judgment.").

4

### B. **Petitioner's Petition is Untimely**

Petitioner maintains his petition is timely because "there is no time limit for [filing] a state petition writ [of habeas corpus] in[ ] the Superior Court as long as it [is] not past a year." (Doc. 17 at 2.) Petitioner argues that his statute of limitations only accrued during the intervals between filing his petitions in state court. *Id*. As explained in detail below, Petitioner is incorrect as to the laws regarding the limitations period.

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case "pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)). Here, direct review became final on December 29, 2015, and Petitioner filed his first state post-conviction collateral action on April 26, 2016. Because the time between these filings was not tolled, the limitations period ran for 119 days.

Once a petitioner properly files a petition for state post-conviction relief, the limitations period is tolled and remains tolled for the time the petition is "pending." § 2244(d)(2). A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner filed his first petition for writ of habeas corpus on April 26, 2016, and it was denied on June 8, 2016. Respondent agrees that the first petition was "properly filed." Therefore, the limitations period was tolled for 43 days and extended from December 29, 2016 to February 10, 2017.

In California, a "properly filed" petition is also considered "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court, so long as the second petition is filed within a "reasonable time" after the denial of the first petition. *Carey v. Saffold*, 536 U.S. 214, 221 (2002). Therefore, a petitioner is entitled to statutory tolling "not only

5

for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing *Carey*, 536 U.S. at 223) (The tolling rule "modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference.").

Here, Petitioner's first petition filed with the Superior Court was denied on June 8, 2016. On June 12, 2016, he filed a motion for modification with the Superior Court, which was denied on June 21, 2016. Petitioner then filed a petition for writ of habeas corpus with the Court of Appeal on July 5, 2016. Respondent argues that the time between the filing of the first action and the second should not be tolled, because they were both filed in the Superior Court and "[i]nterval tolling is not available" for actions filed at the same court level. (Doc. 14 at 5.) Respondent cites *Lewis v. Mitchell*, which held that the limitations period "cannot be tolled for the period of time between the Superior Court's denial of the petitioner's motion for modification of sentence and the filing of her habeas corpus petition because no petition was "pending" during that interval." 173 F. Supp. 2d 1057, 1061 (C.D. Cal. Nov. 6, 2001) (citing *Rowe v. LeMaster*, 225 F.3d 1173, 1175 (10th Cir. 2000)).

However, the Ninth Circuit has explicitly held "[t]he period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it is complete." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003), *abrogated on other grounds as recognized by Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008). Petitions filed at the same level, such as the Superior Court, do not affect an already pending petition. Indeed, "the first round of review remains pending, and tolling does not end until that round is completed at the Supreme Court, as long as the petitioner does not delay unreasonably, even if the petitioner begins a new round while that round is still pending." *Id.* at

6

820-21. Therefore, Petitioner's motion for modification does not affect the tolling between Petitioner's habeas corpus petitions, so long as the time period between the denial in the Superior Court and the filing in the Court of Appeal was "reasonable." *Id.*

Here, Petitioner's petition for writ of habeas corpus was denied by the Superior Court on June 8, 2016, and Petitioner filed a petition for writ of habeas corpus in the Court of Appeal on July 5, 2016. In California, a "reasonable" amount of time to file a petition is within 30 to 45 days. *Cross v. Sisto*, 676 F.3d 1172, 1179 (9th Cir. 2012) (citing *Carey*, 536 U.S. at 222-23). Here, the 27 days between the denial by the Superior Court and filing in the Court of Appeal was reasonable. Petitioner's limitations period was tolled for a total of 78 days, between June 8, 2016 to August 25, 2016. Based on the 78 days of tolling, Petitioner's limitations period extended from February 10, 2017 to April 29, 2017.

Although Petitioner was entitled to tolling "[f]rom the time he filed his first habeas petition in superior court until the time the California Supreme Court's denial of his habeas petition became final," Petitioner did not file a petition with the Supreme Court until April 25, 2017. *See Delhomme*, 340 F.3d at 820 (internal citations omitted). The 243 days between the Court of Appeal's denial of Petitioner's petition on August 25, 2016 and the filing of his petition with the Supreme Court on April 25, 2017 was not reasonable. *See Velazquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (California has found time lapses of 81 days and 91 days to be "unreasonable."). Consequently, Petitioner's limitations period was not tolled between these two filings.

However, the time during which Petitioner's petition was pending before the Supreme Court would be tolled. Therefore the 64 days from the time the petition was filed with the Supreme Court on April 25, 2017 and denied on June 28, 2017 moved the statutory limitations date from April 29, 2017 to July 2, 2017.

Petitioner began a second round of review when he filed a petition for writ of habeas corpus with the Superior Court on August 28, 2016. However, Petitioner is not "entitled to tolling during the gap between the completion of one full round of collateral review and the commencement of another." *Delhomme*, 340 F.3d at 820 (internal citations omitted). The three day period between the Court of Appeal's denial of the first round petition on August 25, 2016, and Petitioner's new filing with the Superior Court on August 28, 2016 was not tolled.

The August 28, 2016 filing in the Superior Court would have started a new round of tolling, if "properly filed." Generally, "[i]f the time to file a federal petition has not already expired when a second round of properly filed California habeas petitions begins, the second round of petitions will also toll the § 2244(d)(1) period." *Porter*, 620 F.3d at 958 (citing *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001)). However, for tolling to apply to a second round, the petition "cannot be untimely or an improper successive petition." *Id*. (internal citation omitted).

Here, the Superior Court denied Petitioner's August 28, 2016 petition because Petitioner had "filed a prior petition for writ of habeas corpus with this Court in which he raised closely related claims." (Lodged Doc. 12 at 1.) In denying his petition, the Superior Court quoted *In re Clark*, which held: "[i]n this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." 5 Cal. 4th 750, 768 (1993). Although not cited by the Superior Court, the *Clark* Court also explained that "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition. *Id*. at 770. That is to say, pursuant to California law, an impermissible successive petition is also an untimely petition.

Because Petitioner's August 28, 2016 petition was an "improper successive petition," it was not "properly filed" and cannot toll the limitations period. The 101 day period from August 28, 2016, when the petition was filed, to December 7, 2016, when the Superior Court denied Petitioner's objections, was not tolled.

After his petition was denied by the Superior Court, Petitioner filed with the Court of Appeal on December 26, 2016. The Court of Appeal summarily denied the petition on March 30, 2017. Although the Court did not explain its decision, "where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard the bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991). Here, the Court assumes the Court of Appeal rejected Petitioner's claims based on the same procedural bar as the Superior Court; as such, Petitioner's December 26, 2016 was also an "improper successive petition." *See Bonner v. Carey*, 425 F.3d 1145, 1147-48, n. 13 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006).

Petitioner's second round of petitions filed with the Superior Court and Court of Appeal were impermissible successive petitioners, so the time from the filing of these petitions, August 28, 2016, to the Court of Appeal's denial on March 30, 2017 was not tolled. For these same reasons, the time between the Court of Appeal's denial and the filing before the Supreme Court would not be tolled.

Based on the total days tolled, 185,[5] Petitioner had until July 2, 2017 to file his petition for writ of habeas corpus with this Court. However, Petitioner did not file his petition until September 25, 2017, approximately 85 days late. Petitioner's petition is untimely and must be dismissed, unless Petitioner is entitled to equitable tolling.

---

[5] This includes the 121 days between the filing of the first petition with the Superior Court and the denial of the petition by the Court of Appeal plus the 64 days the petition was pending before the Supreme Court.

9

### III. Petitioner is Not Entitled to Equitable Tolling

Petitioner contends he is entitled to equitable tolling because his attorney delayed sending him the trial transcript, he lacks legal knowledge, and due to the general delays of prison life, including lockdowns and a riot. (Doc. 17 at 4.)

The one-year statutory limitations period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); *Guillory*, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary

circumstances beyond a prisoner's control make it impossible to file a claim on time.'" *Miles*, 187 F.3d at 1107 (quoting *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), *abrogated on other grounds*, *Woodford v. Garceau*, 538 U.S. 202 (2003)). The petitioner must show that an external force caused the petition's untimeliness, not "oversight, miscalculation, or negligence." *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. *Holland*, 130 S. Ct. at 2563.

Petitioner states he is entitled to equitable tolling because his attorney delayed sending him the trial transcript. Petitioner alleges he received the trial transcript in December and then filed his petition with the Superior Court on April 26, 2016; therefore, Petitioner had the trial transcript since December 2015. Petitioner fails to articulate how the delay in receiving his transcripts led to his late filing, as he obtained the transcripts over a year before his petition was due in this Court. Where a petitioner fails to show "any causal connection" between the grounds for which he alleges the right to equitable tolling and his inability to timely file a federal habeas petition, the equitable tolling claim may be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical disability and inability to timely file petition.). Here, Petitioner has failed to show a causal connection between the delay in receiving his transcripts and his inability to timely file his federal petition. Consequently, Petitioner has not met his burden of alleging facts sufficient to support equitable tolling. *Pace*, 544 U.S. at 418.

Petitioner also alleges that he lacks legal knowledge and was restricted from performing legal research. Allegations that a petitioner lacked legal knowledge do not constitute extraordinary circumstances since nearly all inmates lack legal knowledge and rely on the legal

11

assistance of untrained jailhouse lawyers. *See, e.g., Fisher v. Ramirez-Palmer*, 219 F. Supp. 2d 1076, 1080-81 (E.D. Cal. 2002); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998). Equitable tolling is not warranted based on a petitioner's lack of understanding of the law. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that the petitioner's *pro se* status, the law library's missing some reporter volumes, and the petitioner's reliance on busy inmate helpers were not extraordinary circumstances "given the vicissitudes of prison life"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding *pro se* petitioner's illiteracy and lack of legal knowledge insufficient to justify equitable tolling).

Finally, Petitioner contends he worked diligently, but issues within the prison caused delays in his ability to research his claims. Equitable tolling is not warranted due to the delays inherent in prison life, such as lockdowns, inability to obtain relevant legal documents, or physical inability to access the law library, as the law requires petitioners to take the restrictions of prison life into account when calculating the time needed to complete and file a federal petition. *Ramirez*, 571 F.3d at 998 (finding ordinary limitations on access to law library insufficient to warrant equitable tolling); *United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (finding limitations on law library access due to lockdowns insufficient to merit equitable tolling).

Because the circumstances leading to Petitioner's untimely submission of his habeas petition were not extraordinary, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations.

## IV. Evidentiary Hearing

Petitioner requests the Court hold an evidentiary hearing. In habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). "It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.* at 1176. Here, all of Petitioner's claims can be resolved by reference to the state court record. Accordingly, the Court recommends denying Petitioner's request for an evidentiary hearing.

## V. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall

indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

## VI. Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v.*

*Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 16, 2018**__                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE